IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

NICOLE WEST                                                                                               PLAINTIFF

v.                                              No. 5:06CV00098 GH

SEA-ARK MARINE, INC.                                                                          DEFENDANT

## ORDER

Pending before the Court is plaintiff's October 12th motion to compel, supported by brief and exhibits, defendant to provide certain discovery to which defendant has objected on the basis of relevance, broadness, undue burden and confidentiality. She states that Interrogatory No. 1 sought basic information about individuals who had been disciplined for conduct as serious or more serious than that of which plaintiff had been accused; Request for Production Nos. 1 and 2 sought documentation in the form of disciplinary actions and examination of personnel files for the individuals identified in the response to Interrogatory No. 1; and Request for Production No. 3 sought examination of personnel files of witnesses, decision-makers, sexual harassers, and comparators. Plaintiff continues that in an attempt to resolve the issue she suggested a proposed protective order to protect confidentiality which has since been entered. She further indicated that she might be willing to restrict the number of individuals information was requested on, but lacked sufficient information to make a determination because there was no specificity to the undue burden objection although counsel for plaintiff also indicated a willingness to do the file inspection themselves to avoid burden for the defendant. Regarding the issues of relevance and broadness,

-1-

plaintiff states that the identity of disciplined individuals and disciplinary action is a effort to find comparators who had not complained of sexual harassment and the eleven personnel files are her own, two persons who were in the chain of command above her including one who is reputed to have resigned due to a relationship with a female at work, two who worked under the alleged harasser and immediate supervisor of plaintiff, and two who provided statements in the investigation.

On October 30th, defendant responded that it objected to the discovery requests on the grounds that they were overbroad in requesting information unrelated to the claims of sexual harassment, retaliation or gender discrimination; that they were unduly burdensome as requiring defendant to review every employee file for three years to ascertain whether there was responsive information; and that the requests sought irrelevant and confidential information pertaining to third parties. It states that it produced plaintiff's personnel file as well as the personnel file of her supervisor John Gannaway, but objected to the remaining personnel files. Defendant also agreed to produce any disciplinary actions pertaining to employees employed during the time that plaintiff was an employee and who were supervised by Gannaway. It contends that plaintiff is only entitled to information pertaining to individuals who reported sexual harassment, had Gannaway as a supervisor and then suffered an adverse employment action because of the allegation so the information sought concerning conduct that set forth in defendant's disciplinary policy is not comparable as plaintiff was allegedly terminated for engaging in protected activity.

Defendant also asserts that plaintiff has provide no compelling reason for the personnel files as only those individuals who were supervised by Gannaway would qualify as comparators and defendant has agreed to produce any disciplinary actions for such employees, defendant has already

produced all documentation relating to plaintiff sexual harassment claim and it has stated that there have been no other allegations of sexual harassment during the relevant time period. Defendant argues that an employee's income would not tend to prove or disprove bias and an employee has a substantial right to privacy regarding a criminal record. It counters that neither Hall nor Posey were plaintiff's direct supervisor.

Plaintiff filed a reply on November 8th. She states that she was discharged and defendant has admitted that she was terminated to some degree short of the two weeks notice that she supposedly gave due to the concerns of HR Director Gay Rabb of animosity in the work place arising from plaintiff's complaint of sexual harassment and Rabb's direct supervisor is the president of the company, Don McClendon. She continues that it was Posey who terminated plaintiff so the people working under Gannaway would be relevant as comparators. Plaintiff references her testimony that the chain of command with respect to employment issues is the person's immediate supervisor, their boss, then their boss, the Vice President and then Rabb as HR so that as Rabb was involved in this decision, reports directly to the President and is over essentially all other employees in employment matters, it is appropriate that the entire facility's employment records be revealed to the plaintiff with respect to disciplinary actions.

Regarding Interrogatory No. 1 which seeks information and Requests for Production Nos. 1 and 2 seeking files regarding persons who have been disciplined, the Court agrees with defendant that plaintiff has not alleged that she was disciplined – although for purposes of this discovery dispute, there is a disagreement as to whether plaintiff quit or was fired for complaining of sexual harassment – and that the only specific example in the interrogatory that would be relevant concerns sexual harassment to which defendant has stated that have been no other allegations of sexual

harassment during the relevant time period. Turning to the issue of personnel files, the Court is persuaded that only the files for Charles Posey, Gay Rabb, and Bob Hall should be produced to plaintiff for inspection and copying as plaintiff alleges that she complained to Hall and that Posey and Rabb were involved with the events that resulted in plaintiff's leaving – albeit it by discharge or resignation – her employment.

Accordingly, plaintiff's October 12th motion (#16) to compel is hereby granted in part and denied in part. Plaintiff's unopposed January 5th motion (#26) to extend time to file her motion for partial summary judgment is granted and is also moot in light of her January 12th filing of the motion for partial summary judgment.

IT IS SO ORDERED this 13th day of February, 2007.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE